IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MARK ALAN McCULLARS, #850833 | § | |
| VS. | § | CIVIL ACTION NO. 2:12cv73 |
| WILLIAM T. McCOOL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Mark Alan McCullars, an inmate previously confined in the Harrison County Jail and now incarcerated in the Federal Correctional Institution - Medium (FCI-Medium), Forrest City, Arkansas, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

In his original complaint, filed on February 14, 2012, Plaintiff alleged that while he was confined in the Harrison County Jail in late 2011 and early 2012, he objected to being subjected to televised religious services while in his cell on Sundays. Accordingly, jail personnel offered him a move to a holding cell during the times the religious services were broadcast on the television(s) available to his regular cell. However, the holding cell did not have the furnishings available in the jail's regular cells, such as bunks, showers and a table on which to write. Instead, it simply had a concrete bench and no table upon which to write. Of particular note, Plaintiff had stationery materials and wished to be able to write during the religious services. In addition, on subsequent Sundays, Plaintiff was informed that he could not take his stationery with him to the holding cell

1

during the religious services to which he objected in his regular cell, but could only take a book. Ultimately, that led him to decline the chance to move to the holding cell during the service broadcasts. Aside from his personal religious preferences and convenience issues, he also alleged that he felt singled out and "targeted" by other inmates who held particular religious beliefs because of his objections to being exposed to the service broadcasts in his cell. However, he did not allege that any incidents arose out of being singled out in that regard. *See* Complaint at PageID #47-50. The relief he sought was limited to:

> I want to stop being singled out for my religious beliefs, in the main jail if I did not get up to go to church no one cared, here it's a big deal with other inmates, and if I am to be moved I should not be punished by not taking my stationary [*sic*], and I should have the same thing as the other inmates, at lest [*sic*] a table to work on.

*Id*. at PageID #50.

Plaintiff submitted a change of address to the Court on March 30, 2012 (docket entry #8), showing a move to what was apparently a private address in Marshall, Texas. He also updated his address on August 1, 2012, in his notice of consent to proceed before the Magistrate Judge (docket entry #10) (return address at the Gregg County Jail in Longview, Texas) and on February 14, 2013, when he filed a request for case information (docket entry #11) (he advised the Court he was incarcerated in the Gregg County Jail). That was the last time Plaintiff provided an address change to the Court. Beginning on August 27, 2013, mail addressed to Plaintiff at his last known address was returned to the Court marked undeliverable. That happened on at least three occasions. On September 30, 2013, the Magistrate Judge issued a Report and Recommendation that the case be dismissed without prejudice for failure to prosecute on the basis that Plaintiff had failed to advise the Court of his current address or whereabouts. Docket entry #14. On or about October 8, 2013,

2

the Court received information from the Harrison County Police Department (not the Gregg County Jail) that Plaintiff had been moved to FCI-Medium Forrest City, Arkansas. The Clerk forwarded a copy of the R&R to that address on the same date, October 8, 2013. A month passed without any response and, on November 4, 2013, the Court issued a Final Judgment adopting the Report and Recommendation, dismissing the case without prejudice and entering Final Judgment (also noting that the time for objections had expired since the Report and Recommendation had been forwarded to Plaintiff at his apparent new address). Docket entry #16.

On November 8, 2013, Plaintiff filed a document entitled "In Response to the Recommendation to Dismiss Civil Action No. 2:12cv73." Docket entry #18. It is unclear whether this document is intended as an objection to the Report and Recommendation or as a Motion for Reconsideration of the Final Judgment. Because it was received after dismissal and entry of the Final Judgment, the Court will construe it as a Motion for Reconsideration.

## II. STANDARD

A motion seeking relief from judgment may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b), depending on the timing of the motion. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Generally, Rule 59(e) governs the earlier timing of such a motion. A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration or to alter or amend the judgment is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).

The alternative, Federal Rule of Civil Procedure 60(b) provides six bases on which a court may relieve a party or its legal representative from a final judgment, order or proceeding on motion and a showing of just terms. In this case, Plaintiff's motion was entered on the docket on November 8, 2013, well inside the 28-day period of Rule 59(e). Accordingly, the Court will proceed under Rule 59(e) as the basis for considering relief from the judgment.

### III.  DISCUSSION AND ANALYSIS

Plaintiff contends that he has "tried to keep your office informed of current location(s) in a timely manner," referring to docket entries #8, 10 and 11. Motion at 1. However, as noted above, the last such notice of address change, docket entry #11, was on February 14, 2013, and involved Plaintiff's incarceration in the Gregg County Jail. The problems caused in this case arose later, when he was apparently moved to FCI-Medium Forrest City without notice to this Court, and the Court

4

was unable to communicate with Plaintiff in August 2013 and later. Plaintiff also claims that on or about June 2013, he wrote a letter advising the Court of his new location. Motion at 1. There is no such correspondence on the docket of this case. He also contends that it was because of his alleged correspondence that the Court was able to redirect the Report and Recommendation to him at FCI-Medium Forrest City. *Id.* That is incorrect; the Clerk re-mailed a copy of the Report and Recommendation based on information obtained from the Harrison County Police Department. Plaintiff himself did not demonstrably advise the Court of his location.

At that, there was no response form Plaintiff for a month after the redirected mailing. Plaintiff now produces an acknowledgment slip showing that he received the Report and Recommendation on October 25, 2013. Accordingly, to the extent his Motion for Reconsideration addresses objections to the Report and Recommendation, it was mailed within 14 days after his receipt and was timely.

Nonetheless, this case was properly dismissed for failure to prosecute. Undeniably, Plaintiff did not timely advise the Court of his location, resulting in multiple returns of correspondence to the Court and a general stagnation of the litigation. It is axiomatic that "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 434 Fed. Appx. 420, 421 (5th Cir. 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). In the face of Plaintiff's failure to keep the Court informed, the dismissal is appropriate.

Furthermore, and alternatively, the dismissal is appropriate for another reason. The entire thrust of Plaintiff's complaint is that while he was confined in the Harrison County Jail, in late 2011 and early 2012, he was either forced to listen to religious services on television(s) in or near his cell on Sundays, or be moved to a holding cell that did not have the amenities present in his normal cell.

5

He also felt "singled out" by other, observant, inmates because of his religious beliefs, though he did not allege any injury due to being "singled out." On its face, there is no apparent injury from these circumstances. More to the point, the relief he sought was that "I want to stop being singled out for my religious beliefs. . . and if I am to be moved I should not be punished by not taking my stationary [*sic*]. . . ." Complaint at PageID #50. He did not seek any particular relief other than a cessation of the activity he found objectionable at the Harrison County Jail. He is no longer incarcerated in the Harrison County Jail, and apparently has not been since at least March 30, 2012, when he filed a change of address to 195 Private Road 1335, Marshall, Texas (docket entry #8). Even when he was later re-incarcerated, it was in the Gregg County Jail (not the Harrison County Jail) (docket entries #10, 11) and, obviously, now in FCI-Medium Forrest City, Arkansas. Ergo, he is no longer subjected to the Harrison County Jail's choice between forced exposure to televised religious services or being moved to an unadorned holding cell without his writing implements. In other words, he has obtained the full relief he sought. Notably, he has not complained of similar circumstances at any of his alternate addresses since being moved from the Harrison County Jail, nor of being "singled out" for his religious beliefs. Therefore, his complaint is moot and would have been dismissed on that basis had the case proceeded.

Accordingly, Plaintiff's Motion for Reconsideration is without merit and his complaint is moot as well as having been properly dismissed for failure to prosecute. It is therefore

**ORDERED** that Plaintiff's Rule 59(e) Motion for Reconsideration (docket entry #18) is hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of November, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE